UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

STEVEN KLEIN,                               )
                                            )
                    Plaintiff,              )
                                            )
              v.                            )        No. 4:25-cv-00112-TWP-KMB
                                            )
NATIONAL HEALTH INSURANCE COMPANY,          )
                                            )
                    Defendant.              )

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

Presently pending before this Court is Plaintiff Steven Klein's Motion to Compel.  [Dkt.

37.]  Defendant National Health Insurance Company ("NHIC") has filed a response brief, [dkt.

39], and Mr. Klein has replied, [dkt. 41].  For the reasons detailed below, the Court **GRANTS IN**

**PART AND DENIES IN PART** Mr. Klein's Motion to Compel.

**I.      RELEVANT BACKGROUND[1]**

Mr. Klein asserts breach of contract and bad faith claims against NHIC, which issued him

a short-term medical insurance policy effective December 31, 2023 (the "Policy").  Mr. Klein

alleges that he paid all premiums necessary to maintain the Policy for the initial period as well as

for a consecutive 12-month period.

In February 2024, medical providers began submitting claims on behalf of Mr. Klein for

medical treatment.  NHIC processed those claims.  When Mr. Klein submitted medical bills related

---

[1] The Court's summary of the relevant background in this case is primarily taken from the background section of Mr. Klein's Motion to Compel.  [Dkt. 37 at 2-3.]  While NHIC disputes that Mr. Klein is entitled to much of the additional discovery he seeks, it does not set forth its own summary of the Parties' dispute.  [Dkt. 39.]  None of the factual allegations set forth herein, however, are to be taken as objectively true.  Discovery and the litigation process will bear those out in due course.

1

to treatment for back surgery, hospitalization, and rehabilitation, NHIC declined those claims and rescinded the Policy.

Mr. Klein filed this case against NHIC on June 18, 2025, asserting claims for breach of contract and bad faith.  [Dkt. 1.]  After this lawsuit was filed, NHIC reinstated Mr. Klein's medical coverage and now alleges that it has paid all outstanding medical claims.

On October 10, 2025, Mr. Klein served NHIC with written discovery requests, including both interrogatories and requests for production.  NHIC has responded to and supplemented that discovery; however, Mr. Klein alleges in the pending motion that those responses are deficient.  Consistent with Local Rule 37-1, the Court held a Discovery Conference on the Parties' discovery disputes on December 30, 2025.  [Dkt. 32.]  The Parties continued to meet and confer, and subsequently proposed a briefing schedule regarding any unresolved disputes.  [Dkt. 33.]  The Court adopted a briefing schedule on January 21, 2026.  [Dkt. 34.]  Mr. Klein filed a Motion to Compel, and it is now fully briefed and ripe for the Court's decision.

## II.     APPLICABLE LEGAL STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial."  *Todd v. Ocwen Loan Servicing, Inc.*, 2020 U.S. Dist. LEXIS 52212, at *3 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, Federal Practice and Procedure § 2001, at 44-45 (2d ed. 1994)).  Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of admissibility.  *Est. of Daniels by Stover v. City of Indianapolis*, 2021 U.S. Dist. LEXIS 200013, at *3 (S.D. Ind. Oct. 18, 2021) (citing Fed. R. Civ. P. 26(b)(1)).

2

Rule 37 allows a party to move for an order compelling discovery. In ruling on such motions, courts have "broad discretion" and have "consistently adopted a liberal interpretation of the discovery rules" in order to "aid the search for truth." *Exec. Mgmt. Servs., Inc. v. Fifth Third Bank*, 2014 WL 5529895, at *3 (S.D. Ind. Nov. 3, 2014). The scope of discovery, however, has limits, and a court may deny a motion to compel to "protect a party from oppression or undue burden." *Id.* The burden "rests upon the objecting party to show why a particular discovery request is improper[,]" and the objecting party "must show with specificity that the request is improper." *Hunt v. Hubler Chevrolet, Inc.*, 2019 U.S. Dist. LEXIS 34137, at *5 (S.D. Ind. Mar. 4, 2019).

## III.    DISCUSSION

Mr. Klein raises multiple discovery issues in the pending motion. After reviewing NHIC's response and Mr. Klein's reply, it does appear that the Parties have resolved some of their disputes. The Court's review of the pending motion identified twelve areas of dispute, and each is addressed below.

### A. Interrogatory No. 1 (Identity of Persons Assisting with Interrogatory Answers)

In Interrogatory No. 1, Mr. Klein asked NHIC to identify each person making and assisting with its interrogatory answers. [Dkt. 37 at 4.] In response, NHIC identified Ann C. Forshaw, Assistant VP of Operations. Mr. Klein asks the Court to compel NHIC to confirm that Ms. Forshaw "was the *only individual* who assisted in responding to the interrogatories . . . ." [*Id.* (original emphasis).] Ms. Klein also asks the Court to compel NHIC to provide Ms. Forshaw's employer and business address.

In response, NHIC emphasizes that the verification page of the interrogatories clearly identify Ms. Forshaw's title—Assistant VP of Operations—and employer—NHIC. [Dkt. 39 at 8.] NHIC also states that to the extent Mr. Klein is seeking to depose Ms. Forshaw, she may be

contacted via NHIC's counsel and a deposition scheduled. [*Id.*] NHIC contends that it has sufficiently responded to this interrogatory pursuant to Seventh Circuit caselaw, which only requires a party to identify persons "whose substantive knowledge contributed to the [interrogatory] answers." [*Id.* (collecting cases).]

In reply, Mr. Klein maintains that NHIC has failed to adequately respond to Interrogatory No. 1. Mr. Klein does agree, however, that NHIC "need *not* identify persons who only had an ancillary role in preparing its interrogatories," but Mr. Klein maintains that NHIC "still must identify 'every person whose *substantive knowledge* contributed to the answers.'" [Dkt. 41 at 2 (original emphases).]

The Court has reviewed the Parties' dispute and the cases they cite in support of their positions. The Court agrees with the rationale set forth in *Peach v. City of Kewanee*, specifically, that in response to an interrogatory question asking a party to identify each person who assisted in the interrogatory answers,

> the Court sees no reason why it should not be answered in a common sense manner. Plaintiff is entitled to know the identity of every person whose substantive knowledge contributed to the answers. That obviously need not include persons whose role was purely clerical, for example, mere copying of records. But anyone whose knowledge or professional job duties enabled them to assist the [Party] in preparing the substance of the answers to interrogatories should be identified.

2006 WL 8443111, at *4 (C.D. Ill. Oct. 23, 2006).

Thus, the Court **GRANTS IN PART** Mr. Klein's request regarding Interrogatory No. 1 to the extent that it rules as follows: **Within 14 days of the date of this Order**, NHIC is **ORDERED** to supplement its response to Interrogatory No. 1 to the extent that if there is any individual or individuals in addition to Ms. Forshaw whose substantive knowledge contributed to the interrogatory answers, NHIC must identify that individual or individuals and provide the requested information. This includes providing Ms. Forshaw's business address, although Mr. Klein's

4

counsel is reminded of NHIC's counsel's instruction that NHIC's counsel shall be contacted to coordinate any deposition of Ms. Forshaw.

### B. Interrogatory No. 2 (Affirmative Defenses)

In Interrogatory No. 2, Mr. Klein asked NHIC to identify the factual basis for each defense, including affirmative defenses, that it is asserting or relying on in this case. In the Motion to Compel, Mr. Klein argues that NHIC's objection to providing any information in response to this interrogatory is improper, emphasizing NHIC's ongoing duty to supplement its responses. [Dkt. 37 at 5.] Mr. Klein contends that NHIC should answer this contention interrogatory and identify the factual basis for its affirmative defenses at this time. [*Id.*]

In response, NHIC claims it is entitled to discovery before responding to contention interrogatories. [Dkt. 39 at 9.] NHIC contends that because Mr. Klein served this interrogatory in the early phases of discovery, NHIC "should not be required to prove any part of its defense at this stage." [*Id.* at 10.]

In reply, Mr. Klein points out that NHIC does not truly object to responding to Interrogatory No. 2; rather, NHIC appears to object to responding at this time. [Dkt. 41 at 2.] NHIC claims it is "improper for NHIC to state an affirmative defense and, in the same breath, refuse to provide *any* factual basis for that same defense." [*Id.* at 3 (original emphasis).]

"An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." *Burnett & Morand P'ship v. Est. of Youngs*, 2011 WL 1237950, at *2 (S.D. Ind. Apr. 4, 2011) (citing Fed. R. Civ. Pro. 33(a)(2)). "The basic premise of a contention interrogatory is to require a party to commit to a position and to give support for that position." *Id.* at *3.

Because the contention interrogatory at issue is directed at NHIC's defenses and affirmative defenses, the Court agrees with Mr. Klein that it is appropriate to require NHIC to answer it now and supplement as additional information becomes available to NHIC. The Court agrees that otherwise there is a disconnect between NHIC asserting a defense or affirmative defense in its Answer, which implies it has a factual basis to do so, but then not providing information about that factual basis. Moreover, this case is no longer in its infancy; rather, the Parties have been vigorously litigating it and even recently participated in a Settlement Conference with the Court. It is now time for NHIC to respond to Interrogatory No. 2 and supplement it as need be as the case progresses.

Thus, the Court **GRANTS** Mr. Klein's request regarding Interrogatory No. 2 to the extent that it rules as follows: **Within 14 days of the date of this Order**, NHIC is **ORDERED** to respond to Interrogatory No. 2 with whatever information it has at that time. NHIC may supplement its response to this contention interrogatory as additional information becomes known through discovery.

### C. Interrogatory Nos. 5, 6, and 7 (Persons with Knowledge and Summaries)

In Interrogatory Nos. 5, 6, and 7, Mr. Klein asks the Court to order NHIC to provide additional information related to individuals with knowledge related to the claims and defenses asserted in this matter (Interrogatory No. 5), the decision to deny Mr. Klein's claims under the Policy (Interrogatory No. 6), and the decision to rescind Mr. Klein's Policy (Interrogatory No. 7). [Dkt. 37 at 5-7.] For Interrogatory Nos. 5 and 6, NHIC provided names but did not identify what knowledge the identified people have. In response to Interrogatory No. 7, Mr. Klein claims that NHIC refused to identify any individuals, pointing out that the initial rescission decision had been

reversed.  Mr. Klein asks the Court to compel NHIC to respond to these interrogatories with the requested information.

In response, NHIC states that it has identified individuals with knowledge in response to these interrogatories.  [Dkt. 39 at 10-11.]  NHIC seems unclear what additional information Mr. Klein needs, disputing that it is required "to interview and summarize each individual's possible testimony . . . ."  [*Id.* at 10.]

In reply, Mr. Klein agrees that NHIC provided the names and titles of several persons in response to Interrogatory Nos. 5 and 6 but still has not identified "*what knowledge*" those individuals have on the requested topics.  [Dkt. 41 at 3 (original emphasis).]  Mr. Klein maintains that NHIC still has "*refused to identify any individuals*" with regard to Interrogatory No. 7.  [*Id.* (original emphasis).]  Mr. Klein emphasizes that NHIC has provided no justification for its refusal to provide this information.

It is concerning to the Court that NHIC's response brief states that NHIC has provided Mr. Klein with names in response to all three of the interrogatories at issue in this section, but Mr. Klein's reply brief clearly states he has not received any names with regard to Interrogatory No. 7 concerning individuals with knowledge involved in the decision to rescind Mr. Klein's Policy.  To the extent NHIC has not, in fact, provided names in response to Interrogatory No. 7, it is ordered to do so as set forth below.  Identifying the individuals who were involved in the decision to rescind Mr. Klein's Policy is discoverable information relevant to Mr. Klein's breach of contract and bad faith claims in this case, despite the fact that the decision to rescind the Policy was reversed after this lawsuit was filed.  NHIC must promptly provide that discoverable information to Mr. Klein as set forth below.

Thus, the Court **GRANTS** Mr. Klein's request regarding Interrogatory Nos. 5, 6, and 7 to the extent that it rules as follows: **Within 14 days of the date of this Order**, NHIC is **ORDERED** to respond to Interrogatory Nos. 5, 6, and 7, identifying all person with knowledge on the requested topics and providing a high-level summary of the knowledge each of those identified individuals has on the identified topic. NHIC need not provide the exact testimony that each identified individual would give if deposed; however, a high-level summary of the knowledge each identified individual has is appropriate at this stage of discovery. *See, e.g.*, *E.E.O.C. v. Jewel Food Stores, Inc.*, 231 F.R.D. 343, 347 (N.D. Ill. 2005) ("in response to an interrogatory a defendant must identify those persons with knowledge of discoverable information, and what that information is . . .").

### D.  Interrogatory Nos. 8, 9, and Request for Production 24

Mr. Klein's Motion to Compel asks the Court to compel additional responses to Interrogatory Nos. 8 and 9, as well as production related to Request for Production 24. [Dkt. 37 at 7-8 and 14.] In response, NHIC states that it has amended its responses to Interrogatory Nos. 8 and 9 and Request for Production No. 24 to "state that it has no responsive information." [Dkt. 39 at 11.] While Mr. Klein remains highly suspect of NHIC's assertion, [dkt. 41 at 4], the fact remains that the Court cannot compel NHIC to produce things it says it does not have. Thus, the Court **DENIES** Mr. Klein's request related to Interrogatory Nos. 8 and 9 and Request for Production 24. Should Mr. Klein's suspicions bear out as discovery proceeds, he may file an appropriate motion with the Court. The Court reminds him, however, that assertions of discovery misconduct should not be made lightly.

### E.  Interrogatory No. 11 (Detailed Claim-By-Claim Accounting)

In response to Interrogatory No. 11, NHIC relied upon Federal Rule of Civil Procedure 33(d) to only cite documents in response.  In his Motion to Compel, Mr. Klein asks the Court to compel NHIC to fully answer this interrogatory, since Mr. Klein claims that NHIC is the party responsible for maintaining the information requested by the interrogatory.  [Dkt. 37 at 9-10.]

In response, NHIC emphasizes that it referred Mr. Klein to bates-stamped copies of the final EOBs, which provided responsive information for the approximately 57 claims that were reprocessed and paid pursuant to the Policy.  [Dkt. 39 at 11-12.]  NHIC contends this was sufficient, and it objects to the interrogatory at issue containing multiple discrete subparts.  [*Id.* at 12 n.1.]

In reply, Mr. Klein maintains that NHIC's response does not comply with Rule 33(d).  He emphasizes that a party can only rely on that rule if "the burden of deriving or ascertaining the answer will be *substantially the same* for either party."  [Dkt. 41 at 5 (original emphasis).]  Mr. Klein contends that is not the case here, since he claims that NHIC is the party that is intimately involved in creating and understanding the requested information.  [*Id.*]

Rule 33(d) provides an option for a responding party to produce business records in response to an interrogatory under certain circumstances.  Specifically, the rule provides as follows:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> > (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> >
> > (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

9

Fed. R. Civ. Pro. 33(d).

When a party relies on Rule 33(d) instead of answering interrogatories, it is the moving party's burden of persuasion to show that Rule 33(d) disclosures are "somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons." *Craftwood Lumber Co. v. Essedant, Inc.*, 2017 WL 11570800, at *4 (N.D. Ill. Mar. 10, 2017). If the moving party persuades the court, the burden shifts to the producing party to justify the use of business records in lieu of answers. *Id.*

The Court has reviewed Mr. Klein's arguments related to NHIC's allegedly insufficient response to Interrogatory No. 11. [Dkt. 37 at 9-10.] About half of his two-page argument related to this issue simply reproduces his interrogatory and NHIC's written response. After reviewing Mr. Klein's argument, the Court concludes that he has not met the necessary burden of persuasion to show that NHIC's Rule 33(d) disclosures are inadequate. To the extent Mr. Klein attempts to make more fulsome arguments in his reply brief, those are waived. *Britt Interactive LLC v. A3 Media LLC*, 2017 WL 4870162, at *1 (S.D. Ind. Aug. 23, 2017) ("It was only when they filed their reply brief that they made the bulk of their specific, substantive arguments. It is a basic principle that a court does not entertain facts and arguments made for the first time in a reply brief."). Therefore, the Court **DENIES** Mr. Klein's request to compel additional answers to Interrogatory No. 11.

**F. NHIC's Non-Compliance with Rule 34(b)(2)(C)**

Mr. Klein asks the Court to order NHIC to comply with Rule 34(b)(2)(C) by stating whether any documents are being withheld on the basis of an objection. [Dkt. 37 at 10.] NHIC objects, stating it is apparent on the face of its responses that NHIC complied with that rule, since

it identified the specific bates numbers of documents within the scope of each request. [Dkt. 39 at 12.] NHIC asserts that if there are no documents within the scope of the request, the response so stated. [*Id.* at 13.] In other words, NHIC states that "[i]f documents were withheld on the basis of an objection, that was evident because the objection states as well as the fact that no bates numbers were identified in the response." [*Id.*] Mr. Klein maintains in his reply that NHIC still is not compliant with the applicable rule. [Dkt. 41 at 7.]

Rule 34(b)(2)(C) expressly states that in responding to requests for production, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." This language is clear. NHIC's vague response is tantamount to gameplaying. Thus, the Court **GRANTS** Mr. Klein's Motion to Compel to the extent that **within 14 days of the date of this Order**, NHIC is **ORDERED** to supplement its responses to Mr. Klein's Requests for Production and clearly state if any responsive materials are being withheld on the basis of a stated objection. If NHIC contends that any documents being withheld are privileged, it **shall** produce a privilege log at the same time as the supplemented responses, *i.e.*, **within 14 days of this Order**.

### G.  Requests for Production Nos. 10 and 11

Mr. Klein's Motion to Compel asks the Court to compel additional production from NHIC in response to Requests for Production Nos. 10 and 11. [Dkt. 37 at 11-12.] In response, NHIC states that it "has no further information responsive" to each of those requests. [Dkt. 39 at 13.] While Mr. Klein remains suspect of NHIC's assertion in his reply brief, [dkt. 41 at 7-8], the fact remains that the Court cannot compel NHIC to produce more documents if it does not have any. Thus, it **DENIES** Mr. Klein's request related to Requests for Production Nos. 10 and 11. Should Mr. Klein's suspicions bear out as discovery proceeds, he may file an appropriate motion. The Court reminds him, however, that assertions of discovery misconduct should not be made lightly.

**H.  Requests for Production Nos. 12, 14, and 17**

Mr. Klein's Motion to Compel asks the Court to compel additional production from NHIC in response to Requests for Production Nos. 12, 14, and 17.  [Dkt. 37 at 12-13.]  In response, NHIC states that it has produced relevant documents within the scope of these requests and any additional production would be unduly burdensome and not proportional to the needs of the case.  [Dkt. 39 at 13-14.]  Mr. Klein's reply brief makes a general response but does not sufficiently reply to NHIC's burden or proportionality arguments for the Court to order additional production.  Thus, to the extent not already moot because of NHIC's supplemental production, the Court **DENIES** Mr. Klein's motion to the extent it seeks additional production related to Requests for Production Nos. 12, 14, and 17.

**I.  Requests for Production Nos. 25 and 26**

In Requests for Production Nos. 25 and 26, Mr. Klein asks the Court to compel employee files and performance reviews from each person involved in the decisions to deny Mr. Klein's claims and terminate the Policy.  [Dkt. 37 at 14-15.]  NHIC objects to those requests, stating that Mr. Klein seeks them for purposes of harassment only and they do not seek discoverable information.  [Dkt. 39 at 14-15.]  Mr. Klein maintains his request in reply.  [Dkt. 41 at 9-10.]

The Court sustains NHIC's objection to Requests for Production Nos. 25 and 26.  The information Mr. Klein seeks in these requests is overbroad and not proportional to the needs of the case, particularly because Mr. Klein does not cite evidence showing that any employee's performance or compensation was tied to his claims denial or rescission of the Policy.  *See Smith v. Metro. Prop. & Cas. Ins. Co.*, 2021 WL 3129453, at *11 (N.D. Ind. July 22, 2021) (denying motion to compel employee and performance review data where movant had "not developed any argument to suggest the employees' personal performance and salary records would reflect

12

corporate claims handling strategies").  Therefore, the Court **DENIES** Mr. Klein's Motion to Compel with regard to Requests for Production Nos. 25 and 26.

### J.   Request for Production No. 27

In Request for Production No. 27, Mr. Klein asks the Court to compel documents concerning NHIC's Market Conduct Annual Statement ("MCAS") filings for calendar years 2020 through 2025.  [Dkt. 37 at 15-16.]  Mr. Klein contends these documents would be easy for NHIC to produce electronically and allegedly go to NHIC's financial motivations and the bad faith claim he is pursuing.  [*Id.*]  In response, NHIC objects to the request, contending it is unduly burdensome to produce "each and every document relating to its MCAS filings with no limitation as to geographic scope for five years."  [Dkt. 39 at 15.]  Mr. Klein states in his reply that NHIC's refusal to produce these documents is improper, emphasizing his belief that they are highly relevant to the bad faith claim.  [Dkt. 41 at 10-11.]

The Court agrees with Mr. Klein that these documents requested are relevant to his bad faith claim, given his allegations in this case and his request for punitive damages.  The case cited by NHIC in opposition is distinguishable, since the bad faith claim in that case was stayed at the time that court declined to order the requested production.  [Dkt. 39 at 15 (citing *King v. Nw. Mut. Life. Ins.*, 2025 WL 2800007, at *10 (W.D. Ky. Sept. 30 2025)).]  The Court does find NHIC's objection related to time and geographic scope of the request to be well-taken.  Thus, the Court **GRANTS IN PART** Mr. Klein's request, but only to the extent that in response to Request for Production No. 27, **within fourteen days of the date of this Order**, NHIC is **ORDERED** to produce the MCAS filings **for Indiana only for calendar years 2023, 2024, and 2025**.

### K.  Requests for Production Nos. 31 and 32

In Requests for Production Nos. 31 and 32, Mr. Klein asks the Court to compel production of documents concerning internal, regulatory, or judicial complaints filed against NHIC involving the denial of a short term medical insurance claim or the rescission of a short term medical insurance claim.  [Dkt. 37 at 16-18.]  In response, NHIC argues that this request is a fishing expedition and "would be unduly burdensome for NHIC to produce *each and every* document concerning or referring to *any and all* claims and/or complaints filed against it involving the denial or rescission of a short-term medical insurance claim."  [Dkt. 39 at 15-17 (original emphases).]  NHIC contends that would require it to review thousands of claim files and expend hundreds if not thousands of hours.  [*Id.*]  Mr. Klein makes a cursory argument in reply, asserting that his request for these documents is narrowly tailored.  [Dkt. 41 at 11.]

"The definition of relevance in the context of discovery is quite broad.  However, it is not boundless."  *Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, 2024 WL 5137520, at *2 (S.D. Ind. Dec. 17, 2024).  The Court finds that Mr. Klein has crossed the boundary of proper discovery with Requests for Production Nos. 31 and 32.  Specifically, the Court concludes that his requests for any and all documents related to any internal, regulatory, or judicial complaints against NHIC involving the denial or rescission of any short term medical insurance claim with no temporal, geographic, or topical limitations whatsoever amount to a fishing expedition.  While it is possible that Mr. Klein could have more narrowly tailored these requests to get discoverable information, he did not do so, and the Court will not do it for him.  Thus, the Court **DENIES** Mr. Klein's request to compel production in response to Requests for Production Nos. 31 and 32.

**L.  Requests for Production Nos. 33, 34, and 35**

In Requests for Production Nos. 33, 34, and 35, Mr. Klein seeks documents related to agreements NHIC has with Allstate Health Solutions ("Allstate"), Life Association, Inc. ("Life Association"), and National General Accident and Health ("National General").  [Dkt. 37 at 18-19.]  He contends these documents are highly relevant to him determining NHIC's relationships with these entities.  In response, NHIC directs Mr. Klein to its response to Interrogatory No. 12, which states that Allstate and National General are marketing names for products underwritten by NHIC, not legal entities.  [Dkt. 39 at 18.]  Thus, NHIC asserts there are no documents to produce.  [*Id.*]  With regard to Life Association, NHIC contends that is a membership organization that has no legal affiliation with NHIC.  [*Id.*]  In his reply, Mr. Klein seems suspicious of NHIC's responses.  [Dkt. 41 at 14.]

The Court interprets NHIC's response brief to state that there are no additional responsive documents to produce with regard to Allstate and National General.  While Mr. Klein remains suspect of NHIC's assertion in his reply brief, the fact remains that the Court cannot compel NHIC to produce documents it does not have.  Should Mr. Klein's suspicions bear out as discovery proceeds, he may file an appropriate motion with the Court.  With regard to Life Association, the Court fails to see how NHIC's relationship with that membership organization bears on Mr. Klein's claims in this litigation.  Thus, the Court **DENIES** Mr. Klein's request that the Court compel NHIC to produce additional materials in response to Requests for Production Nos. 33, 34, and 35.

## IV.     CONCLUSION

For the reasons set forth herein, the Court **GRANTS IN PART AND DENIES IN PART** Mr. Klein's Motion to Compel.  [Dkt. 37.]  NHIC is **ORDERED** to supplement its responses to Mr. Klein's Interrogatories and Requests for Production as set forth throughout this Order.  Despite

Mr. Klein's Motion to Compel being granted in part, the Court finds that other circumstances make an award of attorney's fees and expenses unjust under Federal Rule of Civil Procedure 37(a)(5)(A)(iii), since Mr. Klein's motion was also denied in part and Mr. Klein did not ask for attorney's fees in his motion. Should NHIC fail to comply with the Court's orders set forth herein, however, Mr. Klein shall promptly file an appropriate motion with the Court and may request fees at that time, if appropriate.

**SO ORDERED.**

Date: 5/5/2026

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Registered counsel of record via Court's CM/ECF System